

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

JAM  
F.# 2015R01599

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 13, 2016

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Kerry Elmore
                  Criminal Docket No. 15-557 (NGG)

Dear Judge Garaufis:

        The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for September 15, 2016. For the reasons set forth below, and as per the plea agreement entered into by both parties, the government recommends that a sentence within the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 51 to 63 months' imprisonment be imposed in this case.

I.        Facts

        As described in the Presentence Investigation Report ("PSR"), paragraphs 3-5, on or about February 10, 2015 at approximately 2:30 a.m., a group of masked individuals entered a commercial warehouse located at 450 Murray Hill Parkway in East Rutherford, New Jersey. The manager of the facility was threatened with an electronic stun gun and bound with zip ties while the perpetrators stole approximately $340,748 worth of computer equipment, including 239 Apple laptops. The Apple laptops were engraved with "Property of the NYC Department of Education." Also taken were 48 Dell hard drive towers, 24 Dell monitors, and 24 sets of Dell speakers, all of which had been purchased by the NYPD. All of the items were loaded onto three vehicles, a box truck, a Penske box truck, and a U-Haul box truck. The manager did not sustain any injuries.

During the investigation of the instant offense, law enforcement was able to identify three of the individuals involved in the robbery - the defendant KERRY ELMORE, DESTRY KEARSE, and NAQUAN RUSSELL (collectively, "the defendants"). Specifically, lawfully-obtained call detail and cell site information show multiple contacts between the defendants and places the defendants in the vicinity of 450 Murray Hill Parkway at the time of the robbery. Furthermore, video images from various surveillance cameras in the vicinity of 450 Murray Hill Parkway, both before and after the robbery, captured ELMORE driving the yellow Penske box. The Penske truck was eventually located in front of 169 Classon Avenue in Brooklyn and contained 24 of the aforementioned Dell hard drive towers that had been purchased by the NYPD. The U-Haul box truck was abandoned and subsequently towed from a location a few blocks away from the New York Department of Sanitation facility in East New York where ELMORE works. Additionally, records obtained from Apple pursuant to a court order show that many of the stolen laptops have been registered. Notably, one of the laptops was registered by NAQUAN RUSSELL.

The role of each individual perpetrator cannot be determined, as all of the individuals were masked during the robbery.

The defendant was arrested and taken into federal custody on September 29, 2015. He was charged with a Hobbs Act Robbery Conspiracy, in violation of 18 U.S.C. § 1951(a), and pleaded guilty before Your Honor on April 14, 2016.

II.    Guidelines Calculation

The government submits that the Guidelines calculations set forth below and in the PSR should be applied:

| | |
|---|---|
| Base Offense Level (§2B3.1(a)) | 20 |
| Plus: Dangerous Weapon Possessed and Brandished (§2B3.1(b)(2)(E)) | +3 |
| Plus: Physical Restraint of a Person (§2B3.1(b)(4)(B)) | +2 |
| Plus: Loss Over $250,000 (§2B3.1(b)(7)(D)) | +3 |
| Minus: Acceptance of Responsibility (§ 3E1.1(a), (b)) | -3 |
| Minus: Global Disposition (§ 5K2.0) | <u>-1</u> |
| Total: | <u>24</u> |

Thus, the total offense level is 24, which, based on a Criminal History Category of I, carries a Guidelines range of 51 to 63 months in custody.[1]

III. Argument

In this case, a Guidelines sentence is warranted because of, among other things, the seriousness of the defendant's conduct and the need for specific and general deterrence. See 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). As per the plea agreement entered into by both parties, the government takes no position concerning where within the Guidelines range the sentence should fall.

As detailed in the PSR, the defendant pleaded guilty to a serious felony, and the underlying facts alone warrant a Guidelines sentence. See id. § 3553(a)(1). This was a carefully planned and well-executed robbery, requiring sophistication and premeditation. The defendants were able to successfully steal hundreds of thousands of dollars' worth of computer equipment, and while it is unknown how much each individual defendant profited, the investigation revealed that the laptops and other items were being resold on the internet. Accordingly, it is likely that each defendant received a sizable pecuniary benefit for their role in the crime, certainly more than the $500.00 that ELMORE recently claimed he received.

While ELMORE attempts to minimize his role in the robbery in his sentencing submission and affidavit, the investigation has revealed he was a full and willing participant. Phone records show that ELMORE had extensive contacts with KEARSE and RUSSELL before, during and after the robbery. Indeed, records reflect approximately 11 calls between KEARSE and ELMORE on February 10, 2015 between 12:57 and 2:36 a.m. ELMORE also has several contacts with other unknown telephone numbers whose cell site information show their respective cell phones transmitting from the sector covering 450 Murray Hill Parkway on February 10, 2015 during the robbery. The fact that the defendant admittedly (and, based on the evidence, undeniably) drove one of the vehicles, while a second was abandoned near the defendant's workplace suggest far more than the casual, limited involvement now proffered by the defendant. The agents who arrested him found ELMORE to be recalcitrant and combative during their interview. Accordingly, given that the defendant likely exerted dominion and control over two out of three getaway vehicles, and considering his level of connectivity with the other perpetrators, the purported facts he now offers as "mitigation" appear disingenuous and cannot be corroborated or credited.

Furthermore, the charge for which the defendant is convicted and the applicable guideline range incorporate the various facts and circumstances of the crime. If other aggravating factors had been present, the defendant would have been subject to offense level enhancements. Therefore, the absence of any other criminal conduct and aggravating factors does not justify a non-guideline sentence. Cf. United States v. Barton, 76 F.3d 499,

---

[1] The defendant is also eligible for a downward departure based on his military service, per Policy Statement 5H1.11.

502-03 (2d Cir. 1996) (vacating downward departure and noting, "Inasmuch as the offense to which Barton pleaded guilty (receipt of child pornography) did not contemplate sexual abuse of children, we find that he is not entitled to a departure merely because he did not commit an additional crime."). Nor do the defendant's circumstances - as articulated in his sentencing memorandum and numerous character letters - weigh in favor of a non-guideline sentence. See United States v. Vera Ramos, 296 Fed. Appx. 201, 203 (2d Cir. 2008) (affirming guideline sentence despite defendant's "difficult upbringing" and noting district court's observation that such circumstances are "almost universal" among defendants facing similar charges).

Indeed, many of the letters submitted on the defendant's behalf are similarly worded, at times containing the exact same wording though purportedly written by two different people (e.g., at least two letters contain the phrase "[i]t must be difficult for you to make decisions like this when you don't actually know the person standing in front of you"; and at least two others contain the sentence "[h]e just needs more people to beleivein him so that he can become the person I know he can be"). Thus, a Guidelines sentence is necessary here to deter others from committing similar misconduct.

Accordingly, the Guidelines calculation results in a sentencing range that is sufficient, but not greater than necessary, to achieve Section 3553(a)'s purposes.

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing, see 18 U.SC. § 3553(a)(2), which, in this case, is within the applicable Guidelines range of imprisonment.

        Respectfully submitted,

        ROBERT L. CAPERS
        United States Attorney

By:   /s/
        Artie McConnell
        Assistant U.S. Attorney
        718-254-7150

cc:    Barry Gene Rhodes, Esq. (by ECF and E-mail)
      Jaime L. Turton, United States Probation Officer (by E-mail)